```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     NORTHERN DIVISION
```

**KOCH FOODS, INC.**                                             **PLAINTIFF**

**v.**                                      CAUSE NO. 3:16-CV-355-DCB-MTP

**PATE DAWSON COMPANY, INC., et al.**                           **DEFENDANTS**

**OPINION AND ORDER**

This cause is before the Court on a motion in limine **[Doc. 106]** filed by defendants Malcolm Sullivan, Micah Sullivan, and Mike Pate, Jr. (collectively, "Defendants") and a motion in limine **[Doc. 109]** filed by Plaintiff Koch Foods, Inc. ("Koch"). Having considered the motions, responses, and applicable statutory and case law, and being otherwise fully informed in the premises, the Court finds as follows:

**I. BACKGROUND**

At what point was the Pate Dawson Company no longer prosecuting its business in good faith? That is the critical question for trial. And it is the question upon which other questions depend — when a fiduciary duty arose and whether it was breached.

But it is also a question upon which Koch's theories of liability must stand or fall. Koch's claims for constructive fraud, unfair and deceptive trade practices, and conspiracy each depend in some measure on whether the Pate Dawson Company was prosecuting

its business in good faith at the time it placed the disputed orders with Koch.

The Court's evidentiary rulings should reflect the salience of the fiduciary duty question. Any argument or testimony speaking to that question —— and the underlying fact issue of when the Pate Dawson Company was no longer prosecuting its business in good faith —— is highly relevant.

## II. DISCUSSION

The Court's trial management authority includes the power to issue pre-trial rulings on the admissibility of evidence. Luce v. United States, 469 U.S. 38, 41 n. 4 (1984). And the Court has "wide discretion in determining the admissibility of evidence under the Federal Rules." Sprint/United Mgmt. Co. v. Mendelsohn, 552 U.S. 379, 384 (2008) (internal citation and quotation marks omitted).

**A. Defendants' Motion in Limine**

Defendants ask the Court to exclude **(1)** "any argument or suggestion" of a "relationship of trust and confidence" between Koch and the Pate Dawson Company; **(2)** any "evidence or argument" that the Pate Dawson Company had lost its senior lender, PNC Bank, when it placed the disputed orders with Koch; and **(3)** two waiver-of-default letters from PNC Bank. [Doc. 106]

The basis for Defendants' request is Federal Rule of Evidence 403.[1] Defendants surmise that introducing this evidence would unfairly prejudice them and confuse the jury. The Court addresses each evidentiary topic in turn.

**1). Fiduciary-Type Relationship**

Defendants contend that any "argument or suggestion" of a "relationship of trust and confidence" between the Pate Dawson Company and Koch would unfairly prejudice Defendants because the Pate Dawson Company and Koch were sophisticated businesses with an open-account-type relationship.

For starters, it is not clear what relief, exactly, Defendants seek. On the one hand, Defendants ask the Court to forbid Koch from arguing or suggesting that a fiduciary-type relationship existed, but on the other, Defendants appear to take issue only with the "use of . . . terms" such as holding funds "in trust" or "earmark[ing]" funds. [Doc. 106, ¶1]

Prohibiting Koch from arguing that the relationship between the Pate Dawson Company and Koch was fiduciary in nature would be tantamount to a summary judgment disposing of Koch's breach of fiduciary duty and constructive fraud claims. The Court has denied

---

[1] The Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. FED. R. EVID. 403.

3

Defendants' summary judgment motion and also denies this repurposed motion for summary judgment masquerading as a motion in limine.

Koch's use of the specific terms "in trust" and "earmark" is not a proper target for a motion in limine in this case. Just as Defendants are free to argue that certain payments to creditors were made in the "ordinary course," see § II(B)(3) infra, Koch is free to argue that the money the Pate Dawson Company received from Bojangles was "earmarked" for Koch.

The Court therefore **DENIES** Defendants' motion in limine to prohibit Koch from arguing or suggesting that a relationship of trust or confidence existed between the parties.

**2). PNC Bank's Non-Renewal of the Pate Dawson Company's Line of Credit**

Defendants ask the Court to exclude "any evidence or argument" that the Pate Dawson Company had "lost" or was "in default with" its senior lender, PNC Bank, at the time it placed the disputed orders with Koch. This loss-of-senior-lender argument would mislead and confuse the jury, Defendants submit, because the argument is untethered to the evidence.

It is undisputed that in September 2015 PNC Bank informed the Pate Dawson Company that its line of credit would not be renewed. What is disputed is how PNC Bank's non-renewal should be characterized. Koch insists that PNC Bank's non-renewal equates to

4

a "loss" of the Pate Dawson Company's senior lender. And Defendants rejoin that because PNC Bank continued to support the Pate Dawson Company after opting not to renew the company's line of credit, the Pate Dawson Company did not "lose" PNC Bank.

The non-renewal of PNC Bank's credit facility in September 2015 is relevant to the Pate Dawson Company's financial situation from December 2015 to February 2016 and, by extension, to the fiduciary duty question outlined in Section I of this Order. Evidence or argument on that point is not unfairly prejudicial simply because it harms Defendants' case. See <u>Learmonth v. Sears, Roebuck and Co.</u>, 631 F.3d 724, 733 (5th Cir. 2011). And Defendants fail to articulate how evidence or argument based on the undisputed fact of PNC Bank's non-renewal of the Pate Dawson Company's line of credit would confuse or mislead a jury.

The Court therefore **DENIES** Defendants' motion in limine to prohibit Koch from offering "any evidence or argument" that the Pate Dawson Company was "in default with" or had "lost" its senior lender, PNC Bank.

**3). Waiver-of-Default Letters**

Defendants ask the Court to exclude two letters from PNC Bank to the Pate Dawson Company waiving events of default by the Pate Dawson Company. Defendants insist that the letters are not relevant

because they concern loan terms specific to the January – June 2014 period. The Court disagrees.

The letters refer to covenants the Pate Dawson Company breached 12 to 24 months before PNC Bank decided not to renew the Pate Dawson Company's line of credit in September 2015. Timing aside, record evidence tends to show that these covenant-breaches may have eroded PNC Bank's confidence in the Pate Dawson Company, impelled PNC Bank to suggest that the Pate Dawson Company enlist a third-party advisor, and contributed to PNC Bank's non-renewal of the Pate Dawson Company's line of credit. [Docs. 85-3, p. 20; 85-8, p. 17]

Defendants hint at hearsay and authentication problems with the letters, but have not briefed either issue with any specificity. The Court therefore declines to exclude the letters on either basis at this point, and **DENIES** Defendants motion in limine on the subject.

**B. Koch's Motion in Limine**

Koch's motion asks the Court to prohibit **(1)** James Koerber, Hugh Sawyer, and Jamie Lisack from testifying as experts; **(2)** Defendants from referring to Koch's "settlement" with PDNC, LLC; **(3)** Defendants from classifying payments to creditors as "ordinary course" payments; and **(4)** Defendants from offering certain character evidence. [Doc. 109]

**1). Koch's Untimely Daubert Challenges to Koerber, Sawyer, and Lisack**

The Case Management Order [Doc. 14] set a May 1, 2017 deadline for Daubert and dispositive motions. The Court extended that deadline to August 4, 2017. [Doc. 72, p. 5] Though styled as an "Omnibus Motion in Limine," Koch's challenges to Koerber, Lisack, and Sawyer are in substance Daubert motions filed on December 29, 2017 —— nearly five months late.

The Court need not consider untimely-filed Daubert challenges. Queen Trucking, Inc. v. Gen. Motors Corp., 2007 WL 4458919, at *2 (N.D. Tex. June 8, 2007). Particularly so where, as here, the movant neither acknowledges nor explains the motion's untimeliness. Bedingfield v. Deen, 2011 WL 2712950, at *1 (W.D. La. July 8, 2011).

The Court therefore **DENIES** Koch's motion in limine insofar as it advances untimely Daubert challenges to Koerber, Lisack, and Sawyer. If Koch wishes to make a Daubert challenge to Koerber, Lisack, and Sawyer, it may do so before trial, outside of the presence of the jury.

**2). Koch's "Settlement" with PDNC, LLC**

PDNC, LLC purchased the Pate Dawson Company in August of 2016. As part of the purchase, PDNC agreed to pay Koch $2,140,395 of the $3,567,325 that the Pate Dawson Company owed Koch for the orders

7

it placed between December 2015 and February 2016 (the "Agreement"). [Doc. 109-2]

Section 6 of the Agreement precludes Defendants from using the Agreement "to seek dismissal of any action brought against them . . . or to avoid any liability whatsoever." [Doc. 109-2, p. 5]

Koch characterizes the Agreement as a settlement, and contends that it is inadmissible under Federal Rule of Evidence 408. Koch also points to Section 6 of the Agreement, insisting that Defendants are contractually prohibited from introducing any evidence related to the Agreement because the only relevant purpose for which such evidence could be offered is to avoid liability.

Defendants argue that Federal Rule of Evidence 408 does not apply because the payment Koch received from PDNC, LLC under the Agreement was not in consideration for the settlement of a disputed claim, but instead to pay a fixed, undisputed debt. Defendants also contend that Section 6 of the Agreement is vague and unconscionable.[2]

---

[2] Defendants do not specify whether they challenge the Agreement on grounds of substantive or procedural unconscionability. Their challenge appears to be of the substantive variety because it attacks the one-sidedness of the Agreement and does not raise issues of involuntariness or disparities in sophistication of the parties. See East Ford, Inc. v. Taylor, 826 So. 2d 709, 714 (Miss. 2002) (en banc) (describing procedural unconscionability).

### a). Federal Rule of Evidence 408

Evidence of a compromise is not admissible to prove the validity or amount of the claim under negotiation. FED. R. EVID. 408. At issue then is whether the Agreement compromises the claim being litigated in this suit. See Vulcan Hart Corp. v. Nat'l Labor Relations Bd., 718 F.2d 269, 277 (8th Cir. 1983). It does not.

To start, the Agreement does not compromise a disputed claim. To the contrary, the Agreement concerns PDNC, LLC's payment of a fixed sum of $2,140,395 to Koch to facilitate PDNC, LLC's purchase of the Pate Dawson Company. And that fixed sum represents a portion of the debt the Pate Dawson Company owed to Koch for the orders placed between December 2015 and February 2016 —— a debt undisputed as to validity and amount.

And Rule 408 does not apply even if the Court assumes that the Agreement compromises a disputed claim. The "claim" under negotiation in the Agreement is not the same "claim" being litigated in this suit. See Uforma/Shelby Bus. Forms, Inc. v. Nat'l Labor Rel. Bd., 111 F.3d 1284, 1293-94 (6th Cir. 1997) ("Rule 408 only bars the use of compromise evidence to prove the validity or invalidity of the claim that was the subject of the compromise, not some other claim."); Armstrong v. HRB Royalty, Inc., 392 F. Supp. 2d 1302, 1309 (S.D. Ala. 2005) (holding Rule 408 inapplicable

because the compromised claim was not the same claim being litigated).

The Agreement confirms that Koch's claim against Malcolm Sullivan, Micah Sullivan and Mike Pate Jr. is distinct from any "claim" covered by the Agreement. Indeed, the Agreement specifically excludes Malcolm Sullivan, Micah Sullivan, and Mike Pate Jr. from the dismissal with prejudice to be conferred upon the Pate Dawson Company. And it devotes an entire section to clarifying Koch's ability to sue Defendants.

The Court declines Koch's invitation to extend Rule 408 beyond its clearly-delineated boundaries, and therefore **DENIES** Koch's motion in limine to exclude evidence related to the Agreement under Rule 408. The Court next addresses whether the Agreement is inadmissible as a matter of contract.

**b). Section 6 of the Agreement**

Koch contends that Defendants are contractually prohibited from using the Agreement "to avoid any liability whatsoever." [Doc. 109-2, p. 5] This prohibition would appear to cover a situation in which Defendants attempt to offer evidence of the Agreement to support a defense of good faith.

But Defendants urge the Court to declare the Agreement unconscionable and, therefore, unenforceable. See MISS. CODE ANN. § 75-2-302 (permitting the Court to refuse to enforce an

unconscionable clause in a contract). The Agreement is unconscionable, Defendants argue, because it prohibits them from offering relevant evidence and so impairs Defendants' ability to defend against Koch's claims at trial. Defendants also complain that the Agreement is a contract of adhesion that conferred no benefits upon them.

To prove that the Agreement is substantively unconscionable, Defendants must show that its terms unreasonably favor Koch and its nature deprives Defendants of meaningful choice. Caplin Enterprises, Inc. v. Arrington, 145 So. 3d 608, 614 (Miss. 2014). The Agreement is not unconscionable just because it may be a contract of adhesion; it must also be so one-sided as to deprive Defendants of all of its benefits. Smith v. Express Check Advance of Miss., LLC, 153 So. 3d 601, 608 (Miss. 2014) (en banc).

The Court believes that further argument of counsel on this issue would be of assistance to the Court and, accordingly, **DEFERS** a ruling on Koch's motion in limine to exclude evidence of this Agreement [Doc. 109-2] as a matter of contract. The Court will take the issue under advisement and afford the parties the opportunity to argue the issue before trial, outside the presence of the jury.

### c). Other Evidence of PDNC's Assumption of the Pate Dawson Company's Debt to Koch

No matter the Court's ruling on the admissibility of the Agreement in light of Section 6, Defendants correctly assert that they may offer other evidence beyond the reach of Section 6 that tends to show that Koch was to receive $2,140,395 of the $3,567,325 the Pate Dawson Company owed it. For example, neither Federal Rule of Evidence 408 nor Section 6 of the Agreement would bar Defendants from offering the payment schedules attached to the Asset Purchase Agreement to rebut Koch's claim that Defendants bilked it of $3.5 million.

### 3). "Ordinary Course" versus "Preferential" Payments

Koch asks the Court to prohibit Defendants from calling payments the Pate Dawson Company made to non-Bojangles vendors "ordinary course" payments. [Doc. 109, p. 23] But as Defendants correctly note, whether the Pate Dawson Company's payments to non-Bojangles vendors were "preference" or "ordinary course" payments is a fact-issue that a jury must resolve.

The Court therefore **DENIES** Koch's motion in limine to prohibit Defendants from classifying payments to creditors as "ordinary course" payments.

### 4). **Evidence of Defendants' Character**

Finally, Koch asks the Court to prohibit Defendants from offering evidence related to the character of Malcolm Sullivan, Micah Sullivan, and Mike Pate, Jr. because such evidence is not relevant and inadmissible under Federal Rule of Evidence 404. [Doc. 109, pp. 23-24] Defendants cite Federal Rule of Evidence 608 and reply that evidence of their good character is relevant to rebut Koch's allegations that Defendants defrauded Koch. [Doc. 111, p. 11]

Evidence of Defendants' character is not admissible to prove that on a particular occasion Defendants acted in accordance with that character. FED. R. EVID. 404(a)(1). But Federal Rule of Evidence 404 does not apply when character is "at issue" in the case. Crumpton v. Confederation Life Ins. Co., 672 F.2d 1248, 1252 (5th Cir. 1982).[3] And character is "at issue" if Defendants' "possession of a particular character trait is an operative fact in determining the legal rights and liabilities of a party." Id. at 1252.[4]

---

[3] The reasoning is that when evidence of character is necessary to resolve an ultimate issue in a case, it is not offered for the prohibited purpose of proving conformity. Reyes v. Missouri Pac. R. Co., 589 F.2d 791, 793 n. 4 (5th Cir. 1979); see also FED. R. EVID. 405(b) (permitting the admission of character evidence when evidence of that character is an element of a claim or defense).

[4] The classic example is a defamation suit to which truth is an affirmative defense. See United States v. McGee, 1994 WL 395111, at *6 n. 9 (5th Cir. 1994) (unpublished opinion).

Koch did not place Defendants' general character "at issue" by suing Defendants for breach of fiduciary duty, constructive fraud, conspiracy, and unfair and deceptive trade practices arising from one business relationship. See, e.g., Katz v. State Farm Fire & Cas. Co., 2009 WL 10679724, at *2 (E.D. La. 2009) (general character is not "at issue" when a claim or defense may require proof related to that character with regard to one particular transaction); Loeb v. Hammond, 407 F.2d 779, 781 (7th Cir. 1969) (reversing trial court's admission of character evidence to rebut fraud claim). Koch need not prove that Defendants possess any particular character trait to recover on any of its claims, so Defendants' character is not an operative fact in determining any party's rights and liabilities, nor is it "at issue" here.

Defendants' Federal Rule of Evidence 608 argument is unpersuasive because Defendants' character for truthfulness has not yet been attacked. Koch's fraud suit against Defendants is not, standing alone, an "attack" on Defendants' character for truthfulness. The Court will entertain Defendants' application to admit character evidence under Rule 608 during the trial should circumstances change.

The Court therefore **GRANTS** Koch's motion in limine to prohibit Defendants from offering evidence of character unless and until

14

the Court determines that Defendants' character for truthfulness has been attacked.

**ACCORDINGLY,**

**IT IS HEREBY ORDERED** that Defendants' Motion In Limine **[Doc. 106]** is **DENIED**;

**FURTHER ORDERED** that Plaintiff's Motion in Limine **[Doc. 109]** is **GRANTED IN PART** as to the inadmissibility of evidence of Defendants' character before it has been attacked, but is **DENIED** in all other respects.

**SO ORDERED,** this the 31st day of January, 2018.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE