IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KOCH FOODS, INC.                                            PLAINTIFF

V.                                      CAUSE NO. 3:16-CV-355-DCB-MTP

PATE DAWSON CO., et al.                                    DEFENDANTS

ORDER

This case will require a jury to apply North Carolina law to determine the liability of the former officers and directors of the Pate Dawson Company for $3.6 million in chicken orders placed with Koch Foods but not paid for.[1]

Trial is set for April 30, 2018. Because the case raises delicate issues of North Carolina law, the Court held a jury instruction conference at the Thad Cochran United States Courthouse in Jackson on February 5, 2018. During the conference, the Court gave the parties a set of preliminary jury instructions and asked that they submit proposed revisions, as well as supporting authority, within thirty days. The parties complied.

The proposed revisions reflect lingering disputes on five major issues. To resolve them before trial, the Court set a second

---

[1] Only one claim, civil conspiracy, is governed by Mississippi law. See Doc. 98, pp. 7-8.

jury instruction conference for April 27, 2018. At the conference, counsel shall address these issues in this order:

I

The conduct that constitutes a breach of fiduciary duty under Keener Lumber Co. v. Perry, 560 S.E.2d 817 (N.C. Ct. App. 2002).

II

The interplay between Koch Foods' breach of fiduciary duty and constructive fraud claims and the need for separate instructions.

III

The conduct that qualifies as "unfair" or "deceptive" under North Carolina's Unfair and Deceptive Trade Practices Act, North Carolina General Statutes Section 75-1.1.

IV

The application of North Carolina's business judgment rule, North Carolina General Statutes Section 55-8-30, to an action brought by a corporation's creditor against the corporation's former officers and directors.

V

Whether Koch Foods is entitled to an instruction on civil conspiracy.

VI

Whether North Carolina law precludes apportionment of fault among the Defendants.[2] See N.C. GEN. STAT. § 1B-2(1); Hairston v. Alexander Tank and Equip. Co., 311 S.E.2d 559, 565-66 (N.C. 1984).

Accordingly,

IT IS ORDERED that the jury instruction conference set for Friday, April 27, 2018 at 10:00 A.M. shall proceed as stated above.

SO ORDERED this the 12th day of April, 2018.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE

---

[2] No party has heretofore identified the fault-apportionment issue.