IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KOCH FOODS, INC.                                              PLAINTIFF

V.                                        CAUSE NO. 3:16-CV-355-DCB-MTP

PATE DAWSON CO., et al.                                      DEFENDANTS

<u>ORDER AND OPINION</u>

Before the Court is a Motion for Reconsideration **[Doc. 124]** filed by Defendants Malcolm Sullivan, Micah Sullivan, and Mike Pate, Jr.

**Background**

Six months after the Court denied Defendants' Motion for Summary Judgment, and just one week prior to trial, Defendants ask the Court to reconsider its denial. In so doing, Defendants raise arguments they could — and perhaps should — have advanced six months ago, in their motion for summary judgment.

In short, Defendants surmise that the Court's denial of summary judgment was founded upon a "mistaken assumption" regarding North Carolina breach-of-fiduciary-duty law, and ask for reconsideration on that basis.

I

The Court may revise an interlocutory order at any time for any reason before it enters final judgment. FED. R. CIV. P. 54(b); United States v. Renda, 709 F.3d 472, 479 (5th Cir. 2013). An order denying a motion for summary judgment does not adjudicate all claims or decide the rights and liabilities of all parties and is therefore interlocutory. FED. R. CIV. P. 54(b).

Requests to reconsider interlocutory orders under Rule 54(b) involve some of the policies undergirding Rule 59(e) requests to alter or amend an order or judgment. Thus, courts within this Circuit apply the Rule 59(e) standard to Rule 54(b) motions to reconsider interlocutory orders. See, e.g., Hillie v. Williams, 4:17-CV-69-DMB-DAS, 2018 WL 280531, at *2 (N.D. Miss. Jan. 3, 2018); eTool Development, Inc. v. National Semiconductor Corp., 881 F. Supp. 2d 745, 748 (E.D. Tex. 2012) (collecting cases).

Applying that standard here, the Court declines to reconsider its denial of Defendants' Motion for Summary Judgment. Defendants have neither "clearly established" that the Court's ruling was "manifestly erroneous," nor offered newly-discovered evidence justifying reconsideration. Schiller v. Physicians Resource Grp., Inc., 342 F.3d 563, 567 (5th Cir. 2003).

Defendants' Motion to Reconsider lacks merit even if the Court assumes — without deciding — the accuracy of its legal premise:

Koch Foods must prove "self-dealing" to recover on any of its claims. The record contains evidence from which a jury could conclude that Defendants did, in fact, engage in the "self-dealing" they now insist Koch Foods must prove.

II

Defendants' assumptions about what this Court "mistakenly assumed" in denying summary judgment six months ago do not warrant reconsideration.

Accordingly,

IT IS ORDERED that Defendants' Motion for Reconsideration **[Doc. 124]** is DENIED.

FURTHER ORDERED that, to the extent Defendants' Motion for Reconsideration **[Doc. 124]** requests a "brief continuance" of the trial of this action, set to begin on Monday, April 30, 2018, the request is DENIED.

SO ORDERED, this the 25th day of April, 2018.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE