IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KOCH FOODS, INC.                                              PLAINTIFF

V.                                         CAUSE NO. 3:16-CV-355-DCB-MTP

PATE DAWSON CO., et al.                                      DEFENDANTS

ORDER AND OPINION

Before the Court is a Motion for Judgment as a Matter of Law urged by the Defendants, Malcolm Sullivan, Micah Sullivan, and Mike Pate, Jr, at the close of Plaintiff Koch Foods, Inc.'s case-in-chief.

For the reasons that follow, in addition to those stated in Court on the record on May 2, 2018, the Court GRANTS the Defendants' Motion, as to all of the Defendants, on Koch's claims for (1) breach of a free-standing fiduciary duty, (2) civil conspiracy, (3) violations of North Carolina's Unfair and Deceptive Trade Practices Act, and (4) punitive damages.[1] The Court

---

[1] Koch's claims for breach of fiduciary duty, constructive fraud, unfair and deceptive trade practices, and punitive damages are governed by North Carolina law; its civil conspiracy claim is governed by Mississippi law.

reserves ruling on the Defendants' Motion as to Koch's remaining claim for constructive fraud based on a breach of fiduciary duty.

**Background**

Koch Foods, an unsecured creditor of a now-defunct foodservice distributor that was known as the Pate Dawson Company, sued four of the company's former officers and directors — Malcolm Sullivan, Micah Sullivan, and Mike Pate, Jr. — for breach of fiduciary duty, constructive fraud, civil conspiracy, and violations of North Carolina's Unfair and Deceptive Trade Practices Act, N.C. GEN. STAT. § 75-1.1.

Trial of this action began on April 30, 2018. In its case-in-chief, Koch called (1) Lance Buckert, Koch's chief financial officer, (2) Malcolm Sullivan, (3) Micah Sullivan, and (4) H. Kenneth LeFoldt, Koch's solvency expert. Koch also offered into evidence the deposition testimony of David Stansfield, the former president of the Pate Dawson Company, and Huron Consulting Group's Jamie Lisac and Hugh Sawyer. Koch rested at about 10:30 A.M. on May 2, 2018.

After Koch finished its case-in-chief, all of the Defendants moved for judgment as a matter of law on all of Koch's claims.

I

The Court is empowered, after fully hearing a party on an issue during a jury trial, to grant a motion for judgment as a matter of law against that party if the Court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on the issue. FED. R. CIV. P. 50(a).

There is no legally sufficient evidence upon which a jury could find for a party "where the facts and inferences point so strongly and overwhelmingly in favor of the moving party that reasonable jurors could not arrive at a contrary verdict." Herster v. Bd. Of Supervisors of Louisiana Stat Univ., 887 F.3d 177, 184 (5th Cir. 2018).

The United States Supreme Court has for nearly a century required that a plaintiff offer more than a mere scintilla of evidence to present an issue to a jury. See Gunning v. Cooley, 281 U.S. 90, 93-94 (1930) ("[I]n every case, before the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury can properly proceed to find a verdict for the party producing it.").

In evaluating the Defendants' Rule 50(a) Motion, the Court draws all reasonable inferences in favor of Koch, and refrains from determining witness credibility and from weighing the

evidence. Reeves v. Sanderson Plumbing Prod., Inc., 530 U.S. 133, 150 (2000) (Ginsburg, J.).

II

A

Koch alleges each of the Defendants violated North Carolina's Unfair and Deceptive Trade Practices Act, N.C. G<small>EN</small>. S<small>TAT</small>. § 75-1.1 ("UDTPA"). To recover under the UDTPA, Koch must prove (1) a Defendant committed an unfair or deceptive act or practice, (2) in or affecting commerce, and (3) Koch was injured as a result. N.C. G<small>EN</small>. S<small>TAT</small>. § 75-1.1.

The question whether an act is unfair or deceptive under the UDTPA is an issue of law for the Court. Dalton v. Camp, 548 S.E.2d 704, 711 (N.C. 2001). And the Court's analysis must consider the "impact the practice has on the marketplace." Shepard v. Bonita Vista Properties, L.P., 664 S.E.2d 388, 395 (N.C. Ct. App. 2008). A party violates the UDTPA if its conduct amounts to "an inequitable assertion of its power or position." Noble v. Hooters of Greenville (NC), LLC, 681 S.E.2d 448, 452 (N.C. Ct. App. 2009).

The UDTPA permits a prevailing plaintiff to recover treble damages, so it does not apply to every instance of wrongdoing in business transactions. Curtis B. Pearson Music Co. v. Everitt, 368 F. App'x 450, 455 (4th Cir. 2010) (unpublished opinion). Simple failure to pay a debt, for example, is not an unfair or deceptive

4

practice under the UDTPA. Norman Owen Trucking, Inc. v. Morkoski, 506 S.E.2d 267, 273 (N.C. Ct. App. 1998).

Recovery under the statute is limited to cases of "egregious conduct" or "substantial aggravating circumstances." Ace Chem. Corp. v. DSI Transp., Inc., 446 S.E.2d 100, 106 (N.C. Ct. App. 1994). Even an intentional breach of contract is insufficiently egregious to trigger UDTPA liability. Canady v. Crestar Mortgage Corp., 109 F.3d 969, 975 (4th Cir. 1997). An unfulfilled promise, too, is neither unfair nor deceptive unless the plaintiff shows that "the promisor had no intent to perform when he made the promise." Gilbane Bldg. Co. v. Fed. Reserve Bank of Richmond, 80 F.3d 895, 903 (4th Cir. 1996).

Whether conduct is unfair or deceptive is "judged by viewing it against the background of actual human experience and by determining its intended and actual effects upon others." Harrington Mfg. Co. v. Powell Mfg. Co., 248 S.E.2d 739, 744. And "actual human experience" incorporates the relative sophistication of the parties. See, e.g., U.S. Dev. Corp. v. Peoples Federal Sav. & Loan Ass'n, 873 F.2d 731, 735 (4th Cir. 1989) (considering the sophistication of the plaintiff, a large real estate corporation, in affirming district court's determination that the defendant's conduct was not deceptive under the UDTPA).

In its case-in-chief, Koch offered no evidence of the "egregious conduct" and "aggravating circumstances" for which the UDTPA imposes liability. Koch's evidence showed only the deterioration of a once-cordial business relationship between two sophisticated entities, one of which fell on difficult times and was unable to timely pay a debt.

Beyond that, the Court doubts whether the conduct of any of the Defendants — personally, as directors of the Pate Dawson Company — could be considered "deceptive" or "unfair" when viewed in light of Koch's sophistication. Peoples Federal Sav. & Loan Ass'n, 873 F.2d at 735. Koch is understandably upset over its failure to be timely paid for orders the Pate Dawson Company placed with it, and its failure to marshal its operational sophistication and bargaining power to negotiate a contract by which it could have better protected itself from the vagaries of the foodservice-distribution market. But frustration is not a legal basis for imposing UDTPA liability. Particularly so when, as here, Koch Foods offers neither evidence nor non-risible argument that Malcolm Sullivan, Micah Sullivan, and Mike Pate, Jr. inequitably asserted any power they may have had, as directors of the Pate Dawson Company, over Koch.

Drawing all reasonable inferences in Koch's favor, and without making credibility determinations or weighing the

6

evidence, the Court finds that there is no legally sufficient evidence upon which the jury could find for Koch on its claims for violations of the UDTPA against any Defendant.

B

Koch alleges the Defendants conspired with themselves or Huron Consulting Group to constructively defraud Koch. To recover for civil conspiracy under Mississippi law, Koch must prove (1) an agreement between two or more persons; (2) an unlawful purpose; (3) an overt act in furtherance of the conspiracy; and (4) resulting damage. Bradley v. Kelley Bros. Contractors, 117 So. 3d 331, 339 (Miss. Ct. App. 2013).

The directors of a corporation, in their capacity as agents of the corporation, cannot conspire with themselves. Allstate Life Ins. Co. v. Parnell, 292 F. App'x 264, 276 (5th Cir. 2008) (applying Mississippi law). Koch offered no evidence that any Defendant was at any time acting outside the scope of his agency with the Pate Dawson Company. Thus, to the extent Koch seeks to recover against the Defendants for conspiring among themselves, Koch's conspiracy claim is deficient as a matter of law. Orr v. Morgan, 230 So. 3d 368, 275 (Miss. Ct. App. 2017).

Koch's other theory of conspiracy liability, that one or more of the Defendants conspired with Huron Consulting Group to constructively defraud it, must not be presented to the jury. Koch

has not offered evidence showing that any Defendant agreed with any member of the Huron Consulting Group to commit any unlawful act or to commit any lawful act unlawfully.

Drawing all reasonable inferences in Koch's favor, and without making credibility determinations or weighing the evidence, the Court finds that there is no legally sufficient evidence upon which the jury could find for Koch on its claims for civil conspiracy against any Defendant.

C

Koch seeks an award of punitive damages against each of the Defendants. To recover punitive damages under North Carolina law, Koch must prove, by clear and convincing evidence, the presence of one of three aggravating factors: (1) fraud; (2) malice; or (3) willful or wanton conduct. N.C. GEN. STAT. § 1D-15(a).

The first aggravating factor, "fraud," does not include constructive fraud, unless the plaintiff proves an intent to defraud. N.C. GEN. STAT. § 1D-5(4). The second aggravating factor, "malice," means "a sense of personal ill will toward the claimant that activated or incited the defendant to perform the act or undertake the conduct that resulted in harm to the claimant." N.C. GEN. STAT. § 1D-5(5). And the final aggravating factor, "willful or wanton conduct," means "the conscious and intentional disregard of and indifference to the rights and safety of others, which the

8

defendant knows or should know is reasonably likely to result in injury, damage, or other harm." N.C. Gen. Stat. § 1D-5(7).

The purpose of an award of punitive damages is "to punish a defendant for egregiously wrongful acts and to deter the defendant and others from committing similar wrongful acts." N.C. Gen. Stat. § 1D-1.

Here, Koch in its case-in-chief failed to offer evidence that any of the Defendants acted with malice or engaged in willful or wanton conduct. Nor did Koch offer evidence that any Defendant intentionally defrauded Koch Foods. This simply is not a punitive-damages case.

Drawing all reasonable inferences in Koch's favor, and without making credibility determinations or weighing the evidence, the Court finds that there is no legally sufficient evidence upon which the jury could find for Koch on its claims for punitive damages against any Defendant.

D

Koch sued the Defendants for breaching fiduciary duties they owed, as officers and directors of a company existing under circumstances amounting to a winding-up or dissolution, to Koch, an unsecured creditor of the company.

9

i

The fiduciary duty issue has vexed the parties throughout this case. From the start, the parties and the Court assumed that North Carolina law provided that an officer or director of a corporation existing under circumstances amounting to a winding-up or dissolution breached a fiduciary duty to a creditor of his corporation merely by virtue of failing to pay all creditors of the corporation equally on a pro rata basis. That assumption was wrong.

On the record on May 1, 2018, the Court directed the parties to an opinion, <u>Merchants Nat. Bank v. Newton Cotton Mills</u>, 20 S.E. 765 (N.C. 1894), rejecting the theory of breach-of-fiduciary-duty liability upon which Koch appears to have structured much of its case. At oral argument on the Defendants' Motion, Koch appeared to concede that <u>Merchants</u> foreclosed imposing liability on any Defendant solely by virtue of his failure to cause the Pate Dawson Company to pay all creditors of the same class equally.

ii

When this case began, Koch Foods indicated that it intended to show the existence of a fiduciary duty between it and one or more of the Defendants in two ways: (1) through <u>Keener Lumber Co. v. Perry</u>, 560 S.E.2d 817 (N.C. Ct. App. 2002) ("<u>Keener</u>"), by showing that the Pate Dawson Company existed under circumstances

10

amounting to a winding-up or dissolution, and (2) through proof of a "special relationship" between it and one or more of the Defendants.

To prove that one or more of the Defendants owed Koch Foods a fiduciary duty by any means other than the Keener opinion, Koch Foods must show that it "reposed special confidence" in one or more of the Defendants, and that as a result, one or more of the Defendants exercised "domination and influence" over Koch Foods. Kaplan v. O.K. Technologies, L.L.C. 675 S.E.2d 133, 137 (N.C. Ct. App. 2009).

In its case-in-chief, Koch Foods failed to present evidence which, construed in its favor, could show that a fiduciary relationship arose between it and any officer or director of the Pate Dawson Company by any means other than Keener – that is, by any means other than showing that the Pate Dawson Company existed under circumstances amounting to a winding-up or dissolution.

Specifically, Koch Foods offered no evidence from which a reasonable jury could find that one or more of the Defendants exercised "domination and influence" over Koch Foods. To the contrary, the proof offered by Koch Foods shows that it and the Pate Dawson Company were merely "mutually interdependent businesses." See Tin Originals, Inc. v. Colonial Tin Works, Inc., 391 S.E.2d 831, 832 (N.C. Ct. App. 1990) (surveying North Carolina

11

cases and finding none in which mutually interdependent businesses were held to be in a fiduciary relationship).

Drawing all reasonable inferences in Koch's favor, and without making credibility determinations or weighing the evidence, the Court finds that there is no legally sufficient evidence upon which the jury could find for Koch on its claim for breach of a free-standing fiduciary duty — that is, breach of a fiduciary duty that arose through any means other than circumstances amounting to a winding up or dissolution.

E

Koch alleges the Defendants constructively defrauded it of millions to which it was entitled by virtue of chicken products it delivered to the Pate Dawson Company for distribution to Bojangles fast-food restaurants. Because a corporate creditor cannot recover against the director of a corporation for acts a director commits in his role as director without some proof of self-dealing, Koch's claim for breach of a Keener-derived fiduciary duty is functionally equivalent to the claim for constructive fraud asserted in Keener.

To recover against a Defendant for constructive fraud based on a breach of fiduciary duty, Koch must prove (1) the Pate Dawson Company existed under circumstances amounting to a winding-up or dissolution, such that the Defendants owed Koch a fiduciary duty under Keener; and (2) the Defendant breached a fiduciary duty owed

12

to Koch foods by taking advantage of his intimate knowledge of the Pate Dawson Company's corporate affairs and his position of trust for his own benefit and to the detriment of Koch Foods. See Keener, 560 S.E.2d at 824.

The Court believes it is a close question whether this claim should be presented to the jury. Even assuming the existence of a fiduciary duty —— in other words, that the Pate Dawson Company existed under circumstances amounting to a winding-up or dissolution —— the only evidence upon which a jury could base a finding of liability are certain rent and salary payments, none of which appear exorbitant or suspicious.

The Court reserves ruling on Defendants' Rule 50(a) Motion for Judgment as a Matter of Law as to Koch's claim for constructive fraud based on a breach of fiduciary duty, and will take that issue under advisement.

III

After fully hearing Koch's case-in-chief during this jury trial, the Court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for Koch Foods on its claims for (1) breach of a free-standing fiduciary duty, (2) civil conspiracy, (3) violations of North Carolina's Unfair and Deceptive Trade Practices Act, and (4) punitive damages.

Accordingly,

IT IS ORDERED that the Motion for Judgment as a Matter of Law, urged by the Defendants, Malcolm Sullivan, Micah Sullivan, and Mike Pate, Jr., is GRANTED as to Koch's claims for (1) breach of a free-standing fiduciary duty; (2) civil conspiracy; (3) violations of North Carolina's Unfair and Deceptive Trade Practices Act; and (4) punitive damages, and such claims are DISMISSED WITH PREJUDICE.

FURTHER ORDERED that the Court RESERVES RULING on the Defendants' Motion as to Koch's only remaining claim, constructive fraud based on a breach of fiduciary duty, and hereby takes that issue UNDER ADVISEMENT.

/s/ David Bramlette_____
UNITED STATES DISTRICT JUDGE